

Signed and Filed: October 10, 2012

_____
**THOMAS E. CARLSON U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>LAKHNINDER SINGH,<br><br>                Debtor.<br>_____<br>PAUL S. KALRA,<br>                Plaintiff,<br>  vs.<br>LAKHNINDER SINGH,<br>                Defendant.<br>_____ | Case No. 11-30859 TEC<br>Chapter 7<br><br><br><br><br>Adv. Proc. No. 11-3104 TC |

**MEMORANDUM DECISION**

The court held a trial in this action on April 11, 2012. Plaintiff Paul S. Kalra appeared *in pro per*. Raymond R. Miller appeared for Defendant Lakhninder Singh. The court finds for Defendant for the reasons stated below, which shall constitute the court's findings of fact and conclusions of law.

**FACTS**

Plaintiff Paul Kalra makes loans under the business name OnTime Financial. Defendant Lakhninder Singh operated a used car

MEMORANDUM DECISION           -1-

lot under the business name San Leandro Motors. In late 2005 and early 2006, Kalra made three separate $50,000 loans to Singh. Singh repaid the first loan, but did not fully repay the second and third loans.

Each of the three loans was documented by a similar promissory note (the Notes), which afforded Kalra a security agreement in the titles to certain motor vehicles owned by Singh and listed in attachments to the Notes. The Notes did not require Singh either to surrender to Kalra possession of the vehicle titles, or to pay to Kalra the proceeds of sale of the subject vehicles. In the course of his business, Singh sold the vehicles in question and used the proceeds of those sales to purchase replacement inventory.

Singh testified that he typically sold cars through installment-sale contracts, under which he bore the risk of non-payment by the purchaser. Singh testified that his business failed because too many purchasers failed to repay, and because he was too often unable to repossess and resell the car when the purchaser defaulted.

Singh testified that he does not have records documenting the disposition of each of the cars on his lot, because his business office was burglarized and his office safe stolen. He testified that he reported that theft to the police.

The Notes memorializing the second and third loans required Singh to make the following monthly payments:

| Date | Second Loan | Third Loan | Total |
|---|---|---|---|
| January 2006 | $8,400 | -NA- | $8,400 |
| February 2006 | 8,400 | 8,400 | 16,800 |
| March 2006 | 8,400 | 8,400 | 16,800 |

**MEMORANDUM DECISION** -2-

| Date | | | |
|---|---|---|---|
| April 2006 | 8,400 | 8,400 | 16,800 |
| May 2006 | 8,400 | 8,400 | 16,800 |
| June 2006 | 8,400 | 8,400 | 16,800 |
| July 2006 | -NA- | 8,400 | 8,400 |
| Total | 50,400 | 50,400 | 100,800 |

Singh actually made the following payments on the second and third loans (all of these payments were late, and none were specifically allocated to one loan or the other):

| Date | Amount | |
|---|---|---|
| January 2007 | $4,200 | |
| February 2007 | 4,200 | |
| March 2007 | 4,200 | |
| April 2007 | 4,200 | |
| May 2007 | 8,500 | (two payments of $4,250 each) |
| June 2007 | 4,250 | |
| August 2007 | 4,250 | |
| October 2007 | 4,200 | |
| December 2007 | 4,200 | |
| Total | 42,200 | |

Kalra obtained a state-court judgment against Singh in the amount of $116,171 in May of 2008 (the Judgment). Singh filed a chapter 7 bankruptcy petition in this court in March of 2011. Kalra timely filed the current action seeking to deny Singh a discharge and to except the Judgment from discharge.

**DISCUSSION**

A.  Claims under § 523(a)(2)

Kalra first contends that the Judgment should be excepted from discharge under section 523(a)(2) on the basis that Singh obtained

MEMORANDUM DECISION                      -3-

the loans without ever intending to repay them. The evidence does not support this claim. It is undisputed that Singh fully repaid the first loan. On the second and third loans, Singh made nine partial payments over twelve months totaling 42 percent of the principal amount of those loans. This record does not give rise to an inference that Singh obtained the second and third loans without intending to repay them.

B. Claims under §§ 523(a)(4) and (a)(6)

Kalra's second and third claims for relief relate to the security agreement he was granted in the motor vehicle titles. Kalra contends that the Judgment should be excepted from discharge under section 523(a)(4), because Singh embezzled the proceeds of sale of the subject vehicles by not paying those proceeds to Kalra. Kalra contends that the Judgment should also be excepted from discharge under section 523(a)(6), because the failure to pay sale proceeds to Kalra constituted willful and malicious injury.

These claims are not supported by the evidence. The Notes do not direct Singh to pay the proceeds of sale of the subject vehicles to Kalra. The Notes instead contemplate that Singh can use sale proceeds to buy new vehicles, which will constitute replacement collateral. The Notes state in relevant part:

> This note is secured by Automobile Titles pledged to OnTime Financial Inc. (Holder) contained in Pool # SC-137B with full recourse. Attached hereto as Exhibit "A" is an itemized listing of the Titles contained in this package. The Maker, at its expense shall provide good, clean and marketable title. *The pledged title when sold will be replaced by alternate titles of equivalent value.*

(Emphasis added).

Although there was no evidence that Singh ever provided Kalra with a list of replacement titles, there was also no evidence that

**MEMORANDUM DECISION** -4-

Kalra ever asked for such a list. Nor did Kalra demand possession of the titles shown on the lists attached to the Notes.

The Judgment should not be excepted from discharge under sections 523(a)(4) or 523(a)(6), because Singh did not dispose of the collateral or its proceeds in any manner prohibited by the Notes.

C. Claims under §§ 727(a)(3) and (a)(5)

Kalra contends that Singh should not be granted a discharge, because he has failed to preserve business records, and because he is unable to explain his losses.

The first of these claims presents a close question. Singh does not have copies of the installment sales contracts documenting the sales of cars from his lot, and does not have profit and loss statements or a ledger from which they could be reconstructed. Singh testified that substantially all of his business records were lost when his safe was stolen during a burglary of his office. He testified that he reported that theft to the police. Kalra did not introduce evidence that he ever asked for a copy of the police report, that the police report did not exist, or any other evidence indicating that the theft did not occur. I find for Singh on this issue, because his testimony was not inherently incredible and because Kalra did not rebut it in any way.

I find that Singh explained his losses adequately. He testified that his business failed because he bore the credit risk on cars he sold, and too many purchasers defaulted. This testimony was not rebutted and is not inherently incredible, especially when one considers that he ceased making all payments on the Notes in 2008, the year the Great Recession began.

**CONCLUSION**

Judgment will be entered for Defendant.

**\*\*END OF MEMORANDUM DECISION\*\***

**MEMORANDUM DECISION** -6-

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Paul S. Kalra |
| | P.O. Box 23826 |
| 4 | Pleasant Hill, CA 94523 |
| 5 | Lakhninder Singh |
| | 106 Escanyo Drive |
| 6 | South San Francisco, CA 94080 |
| 7 | Raymond R. Miller, Esq. |
| | Law Office of Raymond R. Miller |
| 8 | P.O. Box 2177 |
| | Castro Valley, CA 94546 |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |